UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL SHAFFER,

    Plaintiff,

v.                                                                   CASE NO. 8:25-cv-1903-SDM-SPF

STATE OF FLORIDA, *et. al.*,

    Defendants.
_____/

## **ORDER**

    Shaffer files a civil rights complaint but neither pays the required filing fee nor moves for leave to proceed *in forma pauperis*. As a consequence, this action is reviewed as if Shaffer moves for leave to proceed *in forma pauperis*. Shaffer is barred from proceeding *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    "[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*,

144 F.3d 719, 732 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Shaffer's actions that qualify as a "strike" under Section 1915(g) include *Daniel Shaffer v. Temple Terrace Police Department,* 8:24-cv-516-KKM-LSG (M.D. Fla.); *Daniel Shaffer v. Judge Laura E. Ward*, 8:24-cv-743-MSS-UAM (M.D. Fla.); *Daniel Shaffer v. Sheriff Chad Chronister,* 8:24-cv-2054-SDM-AAS (M.D. Fla.).

The present civil rights complaint alleges that the defendants are interfering with his rights to both send and receive mail, to free speech, and to hire a private investigator. The "under imminent danger" exception to preclusion under Section 1915(g) is limited to present danger. *See Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) ("To satisfy this exception, the prisoner must show he is in imminent danger at the time that he seeks to file his suit in district court.") (internal quotation omitted). Because he asserts no claim of imminent danger, Shaffer "do[es] not satisfy the dictates of § 1915(g)." *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (affirming the dismissal of a civil rights complaint under § 1915(g) because the plaintiff failed to allege specific facts that demonstrated an imminent danger of serious physical injury.

Because he has had three or more dismissals that qualify under Section 1915(g) and because he is not under imminent danger of serious physical injury, Shaffer is not entitled to proceed *in forma pauperis*. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation."). This preclusion against proceeding *in forma pauperis* is without regard to

the merits of the present civil rights complaint.  Shaffer may initiate a new civil rights action by both filing a civil rights complaint and paying the $405.00 filing fee.

Under Section 1915(g), the complaint (Doc. 1) is **DISMISSED** without prejudice to a new action, a new case number, and the payment of the $405.00 filing fee.  The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on July 30, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE